**Chester Lee BLUM, Plaintiff**

v.

**Vernon HOUSEWRIGHT; Attorney General of the State of Nevada, Defendants.**

**No. CV–R–82–44–ECR.**

United States District Court, D. Nevada.

Jan. 30, 1987.

Jeffrey M. Evans, Reno, Nev., for plaintiff.

Richard Bryan, Office of the Atty. Gen., Crim. Div., Carson City, Nev., and Mills Lane, Washoe Co. Dist. Atty., Reno, Nev., defendants.

EDWARD C. REED, Jr., Chief Judge.

The petitioner has moved this Court under Fed.R.Crim.P. 17(b) for the issuance of a subpoena directing Mr. Fredrick Worrell of Davis, California, to appear in this Court and give testimony relevant to the petitioner's case. Whereas it appears that this Court may authorize the United States Marshal to pay Mr. Worrell's expenses in appearing at such action, it also seems that it cannot issue a subpoena ordering his appearance, in that he resides outside of the territorial limits of this Court's jurisdiction.

It has long been held that petitions for writs of habeas corpus are civil actions, not criminal. Because of this, the Federal Rules of Civil Procedure have been held applicable to habeas corpus actions. *See Lyles v. Beto,* 32 F.R.D. 248 (S.D.Tex.1963); Fed.R.Civ.P. 81(a)(2); Rule 11 for Habeas Corpus Cases under 28 U.S.C. § 2254. Fed.R.Civ.P. 45(e) provides that a subpoena may issue in a civil case only inside of the district in which the court sits, or at any place outside the district which is within 100 miles of the courthouse. The Ninth Circuit has held this rule applicable to habeas corpus actions. *See Chessman v. Teets,* 239 F.2d 205, 211 (9th Cir.1956), *reversed on other grounds,* 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed.2d 1253 (1956); *see also,*

*Lyles v. Beto, supra.* In view of the fact that the witness here lives in a city outside of this district, which is also more than 100 miles from the courthouse, this Court cannot issue a subpoena to compel his presence at the petitioner's hearing. This does not preclude the petitioner from obtaining his deposition and entering it into the record. Nor is the witness prevented from attending the proceeding of his own accord. This Court is simply without the power to compel the witness to attend by means of a subpoena.

IT IS, THEREFORE, HEREBY ORDERED, that the petitioner's motion for the issuance of a subpoena under Fed.R. Crim.P. 17(b) is DENIED.